Liang v. Holder

BIA
Grant, IJ
Hom, IJ
A079 399 984

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

ZHU LA LIANG,
> *Petitioner,*

v.                                    11-5060
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Lewis G. Hu, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel, Genevieve Holm, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhu La Liang, a native and citizen of the People's Republic of China, seeks review of a November 8, 2011, order of the BIA, affirming the November 17, 2005, decision of Immigration Judge ("IJ") M. Christopher Grant, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhu La Liang*, No. A079 399 984 (B.I.A. Nov. 08, 2011), *aff'g* No. A079 399 984 (Immig. Ct. Arlington, Nov. 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.[1]

## I.   Adverse Credibility Determination

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d

---

[1]  Liang did not challenge the IJ's denial of CAT relief before the BIA and does not meaningfully challenge it in this Court.  Thus, the claim is forfeited.

2

Cir. 2009). In pre-REAL ID Act cases, such as this one, inconsistencies and other discrepancies may form the basis of an adverse credibility determination but must "bear a legitimate nexus" to the applicant's claim of persecution and be "substantial" when measured against the record as a whole. *Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003). The agency, however, may rely on the cumulative effect of even minor inconsistencies. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

We conclude that substantial evidence supports the agency's adverse credibility determination. In finding Liang not credible, the IJ reasonably relied in part on Liang's demeanor, noting that she appeared very nervous when asked to explain inconsistencies in her testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). We defer to this finding. *Id*.

Further, the agency reasonably relied on inconsistencies and omissions in Liang's various statements in concluding she was not credible. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 n.3 (2d Cir. 2008) (holding that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are functionally equivalent"); *see also Secaida-*

3

*Rosales*, 331 F.3d at 308. Contrary to Liang's argument, the fact of her forced abortion was material, and bore a "legitimate nexus," to her claim that she had suffered past persecution, and, therefore, the omission of that fact during her credible fear interview formed a legitimate basis for the IJ's adverse credibility determination. *See Secaida-Rosales*, 331 F.3d at 307-08; *see also Xiu Xia Lin*, 534 F.3d at 166-67 n.3. The IJ also reasonably relied on discrepancies between: (1) Liang's original and amended asylum applications with respect to the year in which the abortion occurred; (2) Liang's and her husband's testimony as to whether they had cohabited in China; and (3) Liang's testimony and abortion certificate with regard to the date of the abortion procedure. Liang failed to provide compelling explanations for these discrepancies. *See Majidi*, 430 F.3d at 80-81.

Furthermore, the IJ reasonably found implausible Liang's assertion that she chose to delay marrying after discovering that she was pregnant despite her awareness of the significant risks associated with conceiving a child out of wedlock. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir. 2009) (holding that where the IJ's findings are "tethered to record evidence, and there is nothing else in the record from which

4

a firm conviction of error could properly be derived," we will not disturb the inherent implausibility finding). Finally, because Liang does not challenge the IJ's finding that she failed adequately to corroborate her claim, it stands as valid basis for the agency's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

Thus, given the absence of corroborating evidence, as well as the aforementioned omissions and discrepancies in Liang's testimony, we identify no error in the agency's denial of asylum and withholding of removal on credibility grounds. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II. Due Process

Despite the IJ's failure to conduct a *de novo* hearing on remand as ordered by the BIA, Liang has not demonstrated that she was deprived of due process during her proceedings. *See Li Hua Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 104-05 (2d Cir. 2006). Indeed, nothing in the record suggests that Liang was prohibited from fully developing her testimony, that any of her evidence had been ignored, or that the IJ made a determination on issues about which she had no notice or opportunity to be heard. *See id*. Furthermore, Liang has not identified anything to suggest that the manner in which the IJ conducted her proceedings undermined their fairness. *See id*.

5

Finally, contrary to Liang's contention, the IJ who certified the record and returned it to the BIA for adjudication of Liang's appeal expressly declined to address the merits of the prior IJ's decision, noting that such review was solely within the purview of the BIA.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court